# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| TEAM SYSTEMS INTERNATIONAL, LLC, | ) ) ) |
| Plaintiff, | ) ) CASE NO. _____ |
| vs. | ) ) ) |
| AARON TERRY, an individual; WILLIAM KIMES, an individual; STEVE BROWN, an individual; AQUATE CORPORATION II, a corporation; CAMBER AQUATE TECHNICAL SERVICES, LLC, a corporation; and CAMBER AQUATE TECHNICAL SERVICES II, LLC. | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff, Team Systems International, Inc., ("TSI"), by counsel, respectfully states as follows for its Complaint against Defendant(s) Aaron Terry, William Kimes and Steve Brown, Aquate Corporation II, Camber AQuate Technical Services, LLC and Camber AQuate Technical Services II, LLC:

1. This action is an action for fraud and conspiracy to defraud.

### **JURISDICTION AND VENUE**

2. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332 because Plaintiff is a resident of a different state than Defendant(s) and because of the value of the matter in controversy exceeds $75,000.00.

1

3. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391 because Defendant(s) resides and/or transacts its business and affairs in this district and an agreed upon forum selection clause exists between the parties.

## PARTIES

4. Plaintiff, TSI, is a limited liability corporation organized under the laws of the State of Delaware. The principal place of business of TSI is located at 11921 Freedom Drive, Suite 550, Reston, Virginia 20190.

5. Defendant, Aaron Terry, is an employee, officer, agent and/or representative of AQuate Corporation and/or Defendants AQuate Corporation II, Camber AQuate Technical Services, LLC and/or AQuate Technical Services, II, LLC. Said defendant resides at 4622 Shady Lane, Witchta Falls, Texas 7630009-1017.

6. Defendant, William Kimes, is an employee, officer, agent and/or representative of AQuate Corporation and/or Defendants AQuate Corporation II, Camber AQuate Technical Services, LLC and/or AQuate Technical Services, II, LLC. Said defendant resides at 105 Pebble Creek Lane, Harvest, Alabama 35749.

7. Defendant, Steve Brown, is an employee, officer, agent and/or representative of AQuate Corporation and/or Defendants AQuate Corporation II, Camber AQuate Technical Services, LLC and/or AQuate Technical Services, II, LLC. Said defendant resides at 10315 Temperance Street SW, Huntsville, Alabama 35803.

8. Defendant, AQuate Corporation II which are business entities and/or corporations organized under the laws of the State of Alabama. The principal place of business of

AQuate Corporation and AQuate Services, LLC is 7800 Madison Boulevard, Suites 206, Huntsville, Alabama 35806.

9. Defendant, Camber AQuate Technical Services, LLC which are business entities and/or corporations organized under the laws of the State of Alabama. The principal place of business of AQuate Corporation and AQuate Services, LLC is 7800 Madison Boulevard, Suites 201, Huntsville, Alabama 35806.

10. Defendant, Camber AQuate Technical Services, II, LLC which are business entities and/or corporations organized under the laws of the State of Alabama. The principal place of business of AQuate Corporation and AQuate Services, LLC is 7800 Madison Boulevard, Suites 201, Huntsville, Alabama 35806.

## FACTS

11. In or around late 2011, Deborah Mott acting on behalf of the Plaintiff, TSI, began discussions and negotiations with Tom Pearson, President of AQuate Corporation, for the two companies to work together on a federal government project involving private security forces for the SBX-1 ship.

12. Over the course of the next several months, Deborah Mott and Tom Pearson drafted, worked on and submitted a bid proposal to the government concerning said contract. In or around April of 2012, AQuate Corporation terminated the employment of Tom Pearson. Subsequent thereto, the Plaintiff, by and through Deborah Mott, worked with the Defendants and other individuals affiliated, employed by and/or associated with AQuate Corporation in an effort to secure the governmental contract and to finalize the

3

sub-contract between AQuate and the Plaintiff. AQuate Corporation was to serve as the general "prime" contractor for this project and the Plaintiff was to serve as the sub-contractor.

13. On or about August 17, 2012, the United Sates Government, by and through the Military Sealift Command (MSC), awarded the prime contract to AQuate Corporation. On or about August 27, 2012, the Plaintiff and AQuate Corporation entered into a sub-contract agreement concerning same.

14. Subsequent to the award, the Plaintiff, AQuate Corporation and the Defendants commenced transition efforts as part of the project. As part of the prime contract, sub-contract and various federal regulations, including NISPOM, the general contractor, AQuate Corporation in this instance, was responsible for ensuring that the Plaintiff, a sub-contractor, possessed and/or obtained the proper Facility Security Clearance (FCL) in order to be able to perform on the sub-contract and/or the overall project. AQuate Corporation knew prior to and at the time the prime contract and sub-contract were entered into that the Plaintiff did not have a Facility Security Clearance (FCL) and that AQuate Corporation would be responsible for sponsoring the Plaintiff and ensuring that Plaintiff received same. AQuate Corporation failed in its obligations in this regard and never secured an FCL on behalf of the Plaintiff.

15. Upon information and belief, AQuate Corporation, by and through the Defendants, purposefully, deliberately, willfully and with pre-mediation and forethought did not properly and timely make efforts to secure an FCL on behalf of the Plaintiff with knowledge that the Plaintiff would not be able to perform on the sub-contract. At or near

the time it became necessary to start performing on the contract and/or project, AQuate Corporation, by and through the Defendants, submitted a notice of default and letter of termination of the sub-contract to the Plaintiff and contemporaneously hired the four primary employees away from the Plaintiff despite a non-solicitation and/or non-hiring provision in the sub-contract.

16. Prior to the sub-contract being entered into, the Defendants made representations to the Plaintiff inducing the Plaintiff to continue efforts to secure a prime contract and to enter into a sub-contract. Upon information and belief, however, the Defendants never intended to allow the Plaintiff to serve as the sub-contractor on the SBX-1 project upon taking over the handling of same for Tom Pearson. Prior to the sub-contract being entered into and before the prime contract was awarded, the Defendants recognized that they would need the expertise and services of the Plaintiff in order to get the prime contract awarded and to perform the transition part of the project and as such, the Defendants misled and/or represented to the Plaintiff that it would be allowed to serve as the sub-contractor. A sub-contract was ultimately entered into and executed by the Plaintiff and AQuate Corporation as previously stated herein. The Plaintiff provided its expertise, knowledge and specialized services to the Defendants and/or AQuate and further hired the private security personnel that were to serve on the SBX-1. As part of the transition process, the Defendants and/or AQuate Corporation had access to the Plaintiff's employees and the ability to communicate with them concerning said project.

17. Upon information and belief, the Defendants, subsequent to the sub-contract being awarded made statements that they never intended for the Plaintiff to actually get to serve

as the sub-contractor for the project and would find a way to have the Plaintiff removed from the sub-contract.

18. The individual Defendants to this matter among others are employees, officers, shareholders, agents and/or representatives of Defendants AQuate Corporation II, Camber AQuate Technical Services, LLC and/or Camber AQuate Technical Services II, LLC. These LLC and/or corporate Defendants are merely the *alter egos* of the prime contractor AQuate Corporation and said LLC Defendants and Corporations are liable to the Plaintiff under an *alter ego* liability theory.

## COUNT I

### Fraud

13. Plaintiff hereby realleges and reavers all allegations contained above as if here again set out in both letter and number.

14. The above stated facts constitute misrepresentations of material fact that were made willfully, recklessly, or negligently, and relied upon by Plaintiff, TSI, so as to constitute fraud under Ala. Code § 6-5-101, et seq. (1975). The Defendants, Aaron Terry, William Kimes and Steve Brown and one or more of the other Defendants listed above made and/or were responsible for said misrepresentations.

15. As a proximate result of the aforementioned fraud, Plaintiff, TSI, was caused to suffer and experience significant economic losses and damages.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party defendants, in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with

interest from the date of injury, and attorney's fees and other costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiffs in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT II

### Promissory Fraud

16. Plaintiff hereby realleges and reavers all allegations contained above as if here again set out in both letter and number.

17. Plaintiff avers that the foregoing misrepresentations of material fact were made with a present intent to deceive, and that at the time the misrepresentations were made by Defendants, said Defendants intended not to perform, so as to constitute promissory fraud. Plaintiff, TSI, reasonably relied upon these misrepresentations to its detriment.

18. As a proximate result of the aforementioned promissory fraud, Plaintiff, TSI, was caused to suffer and experience significant economic losses and damages.

WHEREFORE, Plaintiff demands judgment against each of the Defendants, jointly and severally, including the fictitious party defendants, in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and attorney's fees and other costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to the Plaintiff in an amount which will

adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT III

### Suppression

19. Plaintiff hereby realleges and reavers all allegations contained above the same as if here again set out in both letter and number.

20. The Defendants, Aaron Terry, William Kimes and Steve Brown suppressed material facts, namely that the Defendants had not and did not intend to sponsor and/or otherwise work towards obtaining and FCL for the Plaintiff, which the Defendants were under an obligation to communicate to the Plaintiff, TSI, so as to constitute fraudulent suppression.

21. As a proximate result of the aforementioned suppression, Plaintiff, TSI, was caused to suffer and experience significant economic losses and damages.

WHEREFORE, Plaintiff demands judgment against each of the defendants, jointly and severally, in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and attorney's fees and other costs of this proceeding.  Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT IV

### Fraud in the Inducement

22.     Plaintiff hereby realleges and reavers all allegations contained above the same as if here again set out in both letter and number.

23.     The foregoing misrepresentations made by the Defendants, Aaron Terry, William Kimes and Steve Brown, constitute fraud in the inducement.

24.     As a proximate result of the aforementioned fraud, Plaintiff, TSI, was caused to suffer and experience significant economic losses and damages.

WHEREFORE, plaintiff demand judgment against each of the defendants, jointly and severally, including the fictitious party defendants, in a sum to be determined by a jury, which will fairly and adequately compensate the plaintiffs for injuries and damages sustained, together with interest from the date of injury, and attorneys fees and other costs of this proceeding.  Further, plaintiffs request that the jury selected to hear this case render a verdict for plaintiffs and against each defendant, and that it award punitive damages to plaintiff in an amount which will adequately reflect the enormity of the defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT V

### Deceit and Fraudulent Deceit

25.     Plaintiff hereby realleges and reavers all allegations contained above as if here again set out in both letter and number.

26. The foregoing misrepresentations were willful misrepresentations of material facts made to induce Plaintiff, TSI, to act, and upon which Plaintiff acted to their detriment, or fraudulent or reckless misrepresentations of material fact, so as to constitute deceit and fraudulent deceit.

27. As a proximate result of the aforementioned deceit and fraudulent deceit, Plaintiff, TSI, was caused to suffer and experience significant economic losses and damages.

WHEREFORE, Plaintiff demand judgment against each of the defendants, jointly and severally, in a sum to be determined by a jury, which will fairly and adequately compensate the Plaintiff for injuries and damages sustained, together with interest from the date of injury, and attorney's fees and other costs of this proceeding. Further, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, and that it award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts.

## COUNT VI

### Conspiracy to Defraud

28. Plaintiff hereby realleges and reavers all allegations contained above as if here again set out in both letter and number.

29. The Defendants, namely Aaron Terry, Steve Brown and William Kimes conspired to defraud and/or make material misrepresentations to the Plaintiff as heretofore mentioned. Plaintiff reasonably relied to its detriment on said misrepresentations.

30. As a proximate result of the conspiracy and the aforementioned deceit and fraudulent deceit, Plaintiff, TSI, was caused to suffer and experience significant economic losses and damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against the Defendant as follows:

a. Awarding any and all monetary damages incurred as a result of the Defendants' conduct;

b. Awarding punitive damages to the Plaintiffs;

d. Awarding pre-judgment and post-judgment interest to the Plaintiffs;

e. Awarding the costs and the expenses of this litigation to the Plaintiffs;

f. Awarding reasonable attorneys' fees and costs to the Plaintiffs as provided by law and/or contract; and

g. Granting all such other relief as the Court deems necessary, just and proper.


Dated:  June 30, 2014         Respectfully submitted,

/s/C. Carter Clay
C. Carter Clay, Alabama Bar No. ASB-2907-Y85C
carterc@hollis-wright.com

Counsel for Plaintiff Team Systems
International LLC


OF COUNSEL:
C. Carter Clay,
Hollis, Wright, Clay & Vail, P.C.
2201 Morris Avenue

11

Birmingham, AL 35203
Tel #: (205)324-3600
Fax #: (205)324-3636

**\*\*PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY\*\***

/s/C. Carter Clay
OF COUNSEL

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:**

William Lee Kimes
105 Pebble Creek Dr.
Harvest, AL 35749

Omer Stephen Brown
10315 Temperance Street SW
Huntsville, AL 35803

AQuate Corporation II
C/O William L. Kines
7800 Madison Blvd., Suite 206
Huntsville, AL 35806

Camber AQuate Technical Services, LLC
C/O William L. Kines
7800 Madison Street, Suite 201
Huntsville, AL 35806

Camber AQuate Technical Services, II, LLC
C/O William L. Kines
7800 Madison Blvd., Suite 201
Huntsville, AL 35806

**DEFENDANT TO BE SERVED BY PROCESS SERVER AS FOLLOWS:**

Aaron Terry
Lanier, Ford, Shaver & Payne
2101 West Clinton Ave., Suite 102
Huntsville, AL 35805

/s/C. Carter Clay
OF COUNSEL